E-FILED
Wednesday, 27 October, 2010 10:44:52 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-CV-3138 |
| ) | |
| KATHRYN E. STRAYER ) | |
| a/k/a Kathryn E. Estes, and ) | |
| VILLAGE OF DIVERNON, ) | |
| ) | |
| Defendants. ) | |

BEFORE U.S. MAGISTRATE JUDGE BYRON G. CUDMORE:

REPORT AND RECOMMENDATION

A Motion to Enter Judgment of Foreclosure (d/e 12) was filed October 6, 2010. A review of the record herein reveals that a Complaint was filed on June 14, 2010 (d/e 1). On July 20, 2010, a Waiver of Service signed by Defendant Kathryn E. Strayer, a/k/a Kathryn E. Estes, was filed (d/e 6). On June 29, 2010, a Waiver of Service executed by Defendant Village of Divernon was filed (d/e 5).

No pleadings have been filed by Defendant Strayer and default was entered against Defendant Strayer on September 22, 2010 (d/e 10).

Defendant Village of Divernon answered the Complaint on August 13, 2010 (d/e 7), and entered into a Stipulation (d/e 8) with Plaintiff on August

31, 2010, that Plaintiff's lien on the property at issue is prior and paramount to the lien of the Village of Divernon.

The Motion to Enter Judgment of Foreclosure (d/e 12) was scheduled for hearing before the undersigned on October 27, 2010, at 10:00 a.m. Notice of Hearing (d/e 13) was sent by Plaintiff to both Defendants. Neither Defendant responded to the motion. Neither Defendant appeared at the hearing.

The Court has reviewed the motion, the supporting affidavits, the file herein, and now RECOMMENDS pursuant to authority conferred under 28 U.S.C. § 636(b)(1)(B) that the Motion to Enter Judgment of Foreclosure (d/e 12) be allowed and a Judgment of Foreclosure, consistent with "Exhibit D" attached to Plaintiff's Motion (d/e 12), be entered herein.

The parties are advised that any objection to this recommendation must be filed in writing with the Clerk within fourteen days after being served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538 (7th Cir. 1986). See Local Rule 72.2.

ENTER: October 27, 2010

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE